IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-20917
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DIANA QUINONES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-58-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Diana Quinones, a rural mail carrier in Cypress, Texas, was convicted by a jury of possession of stolen mail in violation of 18 U.S.C. § 1708. The district court sentenced Quinones to 12 months and one day in prison and a three-year term of supervised release.

Quinones asserts that the evidence presented at trial was insufficient to support her conviction. To establish that Quinones possessed stolen mail, the Government was required to prove beyond a reasonable doubt that Quinones

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"possessed the item stated in the indictment; (2) that the item had been stolen from the mail; (3) that [Quinones] knew the item was stolen; and (4) that [Quinones] had the specific intent to possess the item unlawfully." United States v. Hall, 845 F.2d 1281, 1284 (5th Cir. 1988) (citing United States v. Osunegbu, 822 F.2d 472, 475 (5th Cir. 1987)).

Quinones did not move for a judgment of acquittal at either the close of the Government's case or the close of all the evidence. Accordingly, we review her claim only to determine whether there was a manifest miscarriage of justice. See United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001). A manifest miscarriage of justice exists when "the record is devoid of evidence pointing to guilt." Id. (internal quotation marks and citations omitted). In making this determination, we consider the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences and credibility choices, just as we do when considering a properly preserved sufficiency claim. United States v. McDowell, 498 F.3d 308, 312 (5th Cir. 2007).

The trial evidence demonstrated that Quinones was found in possession of undelivered mail after the completion of her route. Investigators equipped a package with a tracking device, and the tracking signal indicated that Quinones opened the package in her vehicle after she completed her route. When investigators approached Quinones in her vehicle, they saw the opened package in the vehicle. No one other than Quinones was in her delivery vehicle at any time from the beginning to the completion of her route. Pieces of the tracked package and 131 other pieces of undelivered mail were found in her vehicle. The Mail carriers such as Quinones are not authorized to be in possession of undelivered mail at the completion of their daily routes. The record is not devoid of evidence pointing to guilt. There was no manifest miscarriage of justice in this case. Delgado, 256 F.3d at 274.

Quinones also asserts that the district court erred in imposing a four-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(B). Quinones contends the

enhancement is improper because the evidence does not support the finding that 50 or more victims were involved in the offense.

A district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). The district court's determination of what constitutes relevant conduct for sentencing purposes is a factual finding that is reviewed for clear error. See United States v. Mann, 493 F.3d 484, 497 (5th Cir. 2007). A factual finding is clearly erroneous only if, based on the entirety of evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. United States v. Valdez, 453 F.3d 252, 262 (5th Cir. 2006). A factual finding is not clearly erroneous if it is plausible in light of the entire record. Id.

Pursuant to § 2B1.1(b)(2)(B), the offense level for offenses involving stolen property is increased by four levels if the offense involved 50 or more victims. In cases where "undelivered United States mail was taken, or the taking of such items was an object of the offense, or in which the stolen property . . . possessed is undelivered United States mail," the term "victim" refers to "any person who was the intended recipient, or addressee of the undelivered United States mail." § 2B1.1(2)(B), comment. (n.4(C)(i)). Further, there is a "special rule" for cases involving undelivered mail and a United States Postal Service relay box, collection box, delivery vehicle, satchel, or cast: those cases are presumed to have involved at least 50 victims. § 2B1.1(2)(B), comment. (n.4(C)(ii)(I)).

The evidence reflects that Quinones used her mail delivery vehicle in the offense; that investigators found approximately 131 pieces of unopened First, Second, and Third Class United States mail in Quinones's vehicle; and that investigators identified more than 50 individuals whose undelivered mail was in the vehicle. Accordingly, because the district court's factual finding was not implausible in light of the record as a whole, the district court did not clearly err

in imposing the four-level enhancement. See Cisneros-Gutierrez, 517 F.3d at 764; Valdez, 453 F.3d at 262.

Finally, Quinones argues that the district court's exclusion of certain testimony at trial was harmful to her defense. We review a district court's evidentiary rulings for an abuse of discretion, applying the harmless error doctrine. United States v. Sanders, 343 F.3d 511, 517 (5th Cir. 2003). "An error is harmless if the reviewing court is sure, after viewing the entire record, that the error did not influence the jury or had a very slight effect on its verdict." United States v. Rodriguez, 43 F.3d 117, 123 (5th Cir. 1995).

Even if Quinones could demonstrate that the district court's evidentiary ruling was an abuse of discretion, which she has not done, she has failed to demonstrate that, in light of the entire record, any error either influenced the jury or affected the verdict. See id. Consequently, she has failed to show that the district court's evidentiary rulings constituted reversible error.

The judgment of the district court is AFFIRMED.